IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY L. ELLIS,

                                ORDER

                Petitioner,

                            08-cv-120-bbc

      v.

C. HOLINKA, Warden,
F.C.I. Oxford, Wisconsin,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

Petitioner Jeffrey L. Ellis is an inmate at the Federal Correctional Institution in Oxford,

Wisconsin.  A review of the federal court's PACER system shows that petitioner was

convicted in the United States District Court for the Northern District of Illinois and

previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2255 in that

district.  The court denied his § 2255 petition on December 29, 1998.  That decision was

summarily affirmed by the Court of Appeals for the Seventh Circuit on August 2, 2000.

In the petition currently before this court, petitioner contends that his conviction is

invalid because the gun possession law under which he was convicted is unconstitutional.

1

Although petitioner has paid the $5.00 filing fee, his petition will be dismissed for lack of jurisdiction.

Petitioner is challenging the validity of his conviction in the Illinois district court. Therefore, the general rule is that his claim must be presented in a § 2255 motion directed to that court. 28 U.S.C. § 2255, United States v. Prevatte, 300 F.3d 792, 798-99 (7th Cir. 2004). Because petitioner has already filed a § 2255 motion in the federal court in Illinois, he cannot file a second or successive petition in that court without first obtaining permission from the Court of Appeals for the Seventh Circuit to do so.

There is a narrow safety valve that permits federal sentences to be attacked collaterally under § 2241 when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Collins v. United States, 510 F.3d 666, 667-68 (7th Cir. 2007). However, petitioner submits nothing in his petition or supporting papers suggesting that his challenge fits within the exception. Because petitioner has failed to provide the court with this information, I cannot conclude that § 2255 did not provide petitioner an adequate or effective means of testing the legality of his detention.

2

ORDER

IT IS ORDERED that Jeffrey L. Ellis's petition for a writ of habeas corpus brought

pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

Entered this 3rd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge